■ INTERACTIVE PROPERTIES CORP., Appellant, v DOYLE DANE BERN-BACH, INC., Respondent.—Judgment, Supreme Court, New York County, entered February 23, 1978 dismissing the complaint on the merits for failure to establish a prima facie case, without prejudice to an action in *quantum meruit* or against third parties, reversed, on the law, vacated and the case remanded for a new trial, with $75 costs and disbursements of this appeal to abide the event. Plaintiff, a licensed real estate broker, sues for damages allegedly resulting from defendant's breach of a written agreement claimed to authorize plaintiff for a period of nine months to exclusively negotiate on defendant's behalf for its renting of office space. Following the presentation of plaintiff's case before a jury, the Trial Judge dismissed the complaint on the ground that plaintiff had failed to prove a prima facie case. The trial court's accompanying opinion represents a thoughtful effort to respond to the legal questions implicit in an unusual factual pattern. Nonetheless, we have concluded that the evidence presented by the plaintiff made out a prima facie case and that it was error to dismiss the complaint. From the evidence adduced by the plaintiff, the jury could reasonably have concluded that the following occurred. In a letter dated January 10, 1975, defendant "confirmed" that plaintiff was "authorized exclusively to negotiate on our behalf for office space for a period of nine months from this date." It was understood that any earned commissions were to be payable in the first instance by the lessor of that space. Relying upon that authorization, plaintiff made a conscientious and faithful effort to locate suitable space and brought to defendant's attention several possibilities. A time came when plaintiff mentioned to defendant the possibility of space at 437 Madison Avenue and was informed that defendant, in violation of its agreement, was negotiating for that space through another broker. Plaintiff strongly protested this violation of the agreement. Plaintiff did not intervene in the negotiations concerning 437 Madison Avenue at defendant's request, but reserved its rights. Defendant eventually chose to lease the space at 437 Madison Avenue in preference to alternative locations brought to its attention by the plaintiff and which it had under consideration. The broker it had engaged with regard to Madison Avenue received a commission. We are satisfied that this evidence raised factual issues for the jury as to whether plaintiff had sustained damage as a result of a violation of the agreement by the defendant and, if so, in what amount. (Cf. *Gaillard Realty Co. v Rogers Wire Works*, 215 App Div 326; *Mosberg v Goldberg*, 117 NYS2d 568; 5 Corbin, Contracts, § 1025.) Accordingly, it was error to have dismissed the complaint and the matter should be remanded for a new trial. Concur—Kupferman, J. P., Evans, Lynch and Sandler, JJ.

Markewich, J., dissents and would affirm on the opinion of Shorter, J., at Trial Term.