(June 26, 1990)

■ EDWARD S. GORDON COMPANY, INC., Appellant, v TUCKER ANTHONY & R.L. DAY, INC., Respondent.—Order and judgment of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about January 4 and February 7, 1990, respectively, which granted defendant-respondent's motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), unanimously reversed, on the law, the motion denied, and the complaint reinstated in its entirety, with costs.

Plaintiff is a licensed real estate broker. In May of 1986, defendant, a securities brokerage firm, allegedly entered into an oral contract with plaintiff to analyze defendant's space requirements and introduce it to leasing opportunities. According to the complaint, defendant agreed to "protect" or "cover" plaintiff with respect to any property which it presented to defendant. The complaint alleges that plaintiff performed substantial extensive analyses of defendant's space requirements and introduced defendant to a leasing opportunity at the World Financial Center, with negotiations for specific space commencing in July of 1986. The complaint further alleges that plaintiff performed extensive comparative studies of defendant's then-current space at 120 Broadway with the World Financial Center space, and did so in reliance on defendant's alleged promise to "protect" or "cover" plaintiff. Defendant ultimately entered into a lease for the same space at the World Financial Center in 1989. By that time, according to the complaint, the senior management of defendant had changed, the stock market collapse known as Black Monday had intervened, delaying defendant's plan to move, and defendant had engaged a new broker.

We disagree with the motion court's analysis. Defendant only declined to enter a *written* exclusive brokerage agreement. The complaint, amplified by affidavit, alleges that by agreeing to "cover" and "protect" plaintiff with respect to specific properties introduced to defendant by plaintiff, an exclusive brokerage agreement was formed as to those properties. The facts pleaded sufficiently state a cause of action for breach of the claimed oral agreement. The breach is in the nature of repudiation for preventing plaintiff from becoming

the procuring cause of the defendant's lease. *(See, Ackman v Taylor,* 296 NY 597; *Interactive Props. Corp. v Doyle Dane Bernbach,* 66 AD2d 667.) Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.