WILLIAMS REAL ESTATE CO., INC., Respondent, v VIKING PENGUIN, INC., et al., Appellants. [644 NYS2d 19]

We agree with the motion court that there are sufficient factual issues as to the existence of an oral exclusive brokerage agreement concerning certain leasehold space for defendants' consolidated operations. As in our case of *Gordon Co. v Tucker Anthony & R.L. Day* (162 AD2d 319), plaintiff seeks damages for the breach of this alleged oral exclusive agreement to "cover" or "protect" plaintiff with respect to the specific properties introduced to defendants. The alleged breach is in the nature of repudiation by preventing plaintiff from becoming the procuring cause of the lease (*see, Curtis Props. Corp. v Greif Cos.,* 212 AD2d 259; *Interactive Props. Corp. v Doyle Dane Bernbach,* 66 AD2d 667; *see also, Ackman v Taylor,* 296 NY 597). Accordingly, the fact that plaintiff was not the procuring cause of the actual lease signed by defendant is not determinative (*see generally, Greene v Hellman,* 51 NY2d 197, 205-206).

Defendants' reliance on *Lanstar Intl. Realty v New York News* (206 AD2d 411) is misplaced. There, there was no evidence of an agreement to pay a commission or any demonstration that defendants' conduct deprived the broker of the op-

portunity to earn a commission. Moreover, in *Lanstar* there was evidence demonstrating that the broker merely brought the property to the attention of the defendants. By contrast, here there were two on-site inspections of the very building which defendants eventually leased through another broker, the second inspection attended by defendant's Chief Executive Officer from England. There was also analyses of various properties submitted to defendants as suitable, as well as review of defendants' present leases in three different buildings within New York City. Further, the plaintiff on the motion herein submitted proof that it worked with defendants in finding an architectural firm to perform the space planning requirements for the new leasehold and thus it was demonstrated to the motion court that more than a mere introduction of the building eventually leased was performed by the broker. Under the circumstances, plaintiff must be given the opportunity to establish before the trier of fact the existence of an agreement to "recognize" or "protect" the broker with respect to the building eventually leased by defendants that had been brought to defendants' attention by plaintiff, and that plaintiff was denied the right to negotiate a lease for this space.

We have considered defendants' remaining contentions and find them insufficient to warrant dismissal of the complaint at this juncture. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.