■ DAVID WOMACK, JR., et al., Infants, by Their Mother and Natural Guardian, BRENDA WOMACK, et al., Respondents-Appellants, v PATRICK A. DUVERNAY, Respondent, MALVERNE SCHOOL DISTRICT, et al., Appellants-Respondents, et al., Defendant. [645 NYS2d 831] —In a negligence action to recover damages for personal injuries, etc., (1) the defendant Malverne School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated October 17, 1995, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2) the defendant Veterans Transportation Co., Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, or to dismiss the cause of action asserted on behalf of the plaintiff Toligthia Womack, and (3) the plaintiffs cross-appeal from so much of the same order as denied the branch of their cross motion which was for summary judgment against the defendant Veterans Transportation Co., Inc.

Ordered that the order is modified by (1) deleting the provision thereof which denied the motion of the defendant Malverne School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision granting that motion, and (2) deleting the provision thereof which denied the branch of the motion of the defendant Veterans Transportation Co., Inc., which was for summary judgment dismissing the cause of action asserted on behalf of Toligthia Womack, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant Malverne School District payable by the plaintiffs.

Shortly after getting off a school bus operated by the defen-

dant Veterans Transportation Co., Inc. (hereinafter Veterans), the plaintiff David Womack, Jr., was struck by a car operated by the defendant Patrick A. Duvernay while attempting to cross the street to his home. David's 13-year-old sister Toligthia was sent by their mother to help David cross the street. The record reveals that she observed David cross one street and was assisting him in crossing a second street when the accident occured. The plaintiffs commenced this action alleging, among other things, violation of Vehicle and Traffic Law § 1174 (b) and common-law negligence. In addition to seeking damages for David's personal injuries, the plaintiffs also sought damages on behalf of Toligthia alleging that she "has been deprived of the services and enjoyment of her brother" by reason of the negligence of the defendants and that she "sustained trauma, and has suffered and is continuing to suffer pain and mental anguish as a result of hearing and witnessing the impact between the automobile and her brother".

A school district owes a duty of care to its students while the children are in its physical custody or orbit of authority, or if a specific statutory duty has been imposed *(see, Chainani v Board of Educ.,* 87 NY2d 370; *Pratt v Robinson,* 39 NY2d 554, 560). Where a school district provides transportation services it must do so in a careful and prudent manner, including the designation of safe bus stops *(see, Chainani v Board of Educ., supra; Pratt v Robinson, supra; Gleich v Volpe,* 32 NY2d 517). However, where the school district has engaged an independent contractor to provide busing, the school district cannot be held liable based on physical custody once the children board the contractor's bus and the school district is not directly or vicariously liable for any violation of Vehicle and Traffic Law § 1174 (b) by the independent contractor *(see, Chainani v Board of Educ., supra).* Further, the school district's obligation to provide safe bus stops does not extend beyond the location of the stop. The school district does not have an obligation to furnish transportation directly to and from a child's home, or even to provide transportation which, with respect to any particular child, will prevent that child from encountering traffic hazards *(see,* Education Law § 3635 [1] [d]; *Pratt v Robinson, supra).* Accordingly, the Malverne School District did not breach any duty of care owed to the plaintiffs and its motion for summary judgment should be granted.

With regard to the bus company, there are material questions of fact surrounding Veterans' alleged violation of Vehicle and Traffic Law § 1174 (b) and whether that violation, if any, was a proximate cause of David's injuries *(see, Chainani v*

*Board of Educ., supra; Sewar v Gagliardi Bros. Serv.,* 51 NY2d 752; *Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239). However, Toligthia may not maintain a claim for the lost services and society of her brother *(see, De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053). Nor does she have a valid cause of action against Veterans to recover damages for being in the zone of danger *(see, Bovsun v Sanperi,* 61 NY2d 219). Therefore, Veterans' cross motion to the extent that it seeks dismissal of the cause of action asserted on behalf of Toligthia should be granted. Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.