*409 OPINION OF THE COURT
Jerald S. Carter, J.
The instant application for summary judgment submitted by defendant Diane Lostrappo seeks to dismiss plaintiff Bruno Surace’s complaint demanding monetary damages for alleged negligence.
BACKGROUND
This personal injury action arises from a 1994 North Miami, Florida, vacation taken by the plaintiff and defendant, both New York State residents.
The plaintiff, an experienced in-line skater, participated in roller hockey on a weekly basis. At 5:30 p.m. on the evening of March 24,1994, the couple in-line skated to a restaurant called “Shooters”. The plaintiff acknowledges that he observed the defendant not to be a “very good skater” having difficulty keeping her balance skating to the restaurant. (See, Surace deposition, at 18.)
While in the restaurant, they each had two drinks during “Happy Hour” (plaintiff drank two beers and defendant drank two vodka and tonics), followed by dinner. At 8:30 p.m. after finishing their meal, the couple skated in the Shooter’s parking lot on their way back to their apartment.
The defendant, skating slowly, lost her balance while negotiating a parking lot speed bump. As she fell, the plaintiff attempted to break her fall by catching her. The defendant collided with the plaintiff, knocking him to the ground, breaking his right leg.
PROCEDURAL BACKGROUND
On or about October 16, 1995, plaintiff commenced this action for personal injuries by service of a summons and complaint. Thereafter, issue was joined by service of an answer by defendant on January 17, 1996. The answer asserted the affirmative defense of assumption of the risk.
According to court records, the case was certified as ready for trial on Valentine’s Day, February 14, 1997. A note of issue was filed with the court on March 12, 1997. The instant motion was made November 25, 1997, approximately eight months subsequent to the filing of the note of issue.
CONTENTIONS
Plaintiff asserts that the present motion must be denied as untimely pursuant to CPLR 3212 (a) and, if the court entertains *410 the application, the motion should be denied on its merits, as the defendant owed a standard of care to the plaintiff.
Defendant contends that the court should exercise its discretion and determine the motion on the merits since the case will not be tried for two years due to calendar congestion. The plaintiff’s case, according to the defendant, fails to state a case upon which relief can be granted as the plaintiff is deemed to have assumed the risks attendant to in-line skating.
Procedurally, there is no question that the motion was filed beyond 120 days after the filing of a note of issue. As amended, CPLR 3212 (a) requires that a motion for summary judgment be made “no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.”
The effective date of the amendment is January 1, 1997. The Legislature intended to curtail the dilatory tactic of filing an accelerated judgment motion on the eve of trial.
The defendant’s instant motion is untimely. However, the court has the discretion to determine the substance of the motion upon demonstration of good cause shown.
Good cause is a written expression or explanation by the party or his legal representative evincing a viable, credible reason for delay, which, when viewed objectively, warrants a departure or exception to the timeliness requirement.
The defendant submits that the Trial Calendar two-year congestion constitutes good cause for this court to entertain the instant motion. The court disagrees. Trial Calendar congestion does not constitute good cause shown as contemplated by the statute. Accordingly, the court denies the application as submitted under CPLR 3212 (a).
However, the court, after an extensive review of the complaint, verified answer and the parties’ depositions, elects to entertain the defendant’s application in the interest of justice and judicial economy, as one directed at the pleadings. (CPLR 3211 [a] [71.)
The Legislature, by amending CPLR 3212 (a), was seeking to prevent the dilatory submission of summary judgment on the eve of trial. However, it is abundantly clear that the provision was not to provide safe haven for frivolous and meritless lawsuits. Nor does it preclude the court from entertaining the merits of the application in the interest of justice and judicial economy.
This case must be dismissed.
*411 In his deposition, the plaintiff testified that the defendant told him, “[S]he did not skate that well.” He further testified that while skating to the restaurant, the defendant “had problems in stopping and turning.” (Surace deposition, at 18, lines 1-7.)
He further testified that the defendant was skating “slow and awkward” (at 21, lines 17-19). At page 24, the plaintiff testified at the time of the accident the defendant was skating slowly and at no time did she speed up.
As the defendant, a novice skater, stumbled towards the plaintiff, he attempted to catch her. The self-serving and conclusory assertion by the plaintiff that the defendant barreled into him is wholly unsupported.
The law is clear.
ASSUMPTION OF THE RISK
Participation in sports presumes the acceptance of the dangers and risks reasonably associated with the sport. One who participates in a sport is deemed as a matter of law to assume all known risks associated with the sport. (Turcotte v Fell, 68 NY2d 432; Morgan v State of New York, 90 NY2d 471 [1997].)
Collisions and falls are common in the sport of in-line skating, especially in the case of a novice skater. (Lopez v Skate Key, 174 AD2d 534 [1st Dept 1991].)
To survive the motion to dismiss, the plaintiff must establish the defendant’s conduct was grossly negligent or wilful misconduct. The court, in making its determination, may view the entire record, including the complaint, answer and depositions.
There is no evidence that the defendant failed to use slight care or that her conduct was so careless as to show a complete disregard for the rights of others.
Nor is there any allegation or substantive proof that the defendant, an inexperienced skater who had previously advised the plaintiff of her skating deficiencies, acted in such a reckless manner that her conduct would result in injury. (Sommer v Federal Signal Corp., 79 NY2d 540.)
The undisputed facts in the instant case are consistent with the defendant’s affirmative defense.
Moreover, it is clear that the plaintiff is incapable on this *412 record to replead facts which constitute gross negligence and, therefore, permission to plead again is denied.
Accordingly, the case is dismissed.