■ KENNETH YUSTMAN ASSOCIATES, INC., Appellant, v JOSEPH BERMAN, Respondent. [670 NYS2d 74] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about February 6, 1997, which granted defendant's motion to dismiss plaintiff's complaint, unanimously affirmed, without costs.

We affirm for the reason advanced by defendant before the motion court, but never reached, that plaintiff's complaint, even when supplemented by its affidavit, fails to allege a brokerage agreement between the parties (*compare*, *Lanstar Intl. Realty v New York News*, 206 AD2d 411, *with Williams Real Estate Co. v Viking Penguin*, 228 AD2d 233), and therefore does not state a cause of action (CPLR 3211 [a] [7]). We do not reach the issue of whether plaintiff had entered into a prohibited "net listing" agreement with the seller (*see*, 19 NYCRR 175.19). Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.

■ WILLIAM ACOSTA et al., Respondents, v 888 7TH AVENUE ASSOCIATES et al., Appellants. [670 NYS2d 79] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about August 13, 1997, which granted plaintiffs' motion for partial summary judgment on liability, unanimously affirmed, without costs.

Plaintiff's testimony that he was injured when the ladder on which he was standing collapsed established a prima facie case under Labor Law § 240 (1), and it is not enough to avoid summary judgment for defendants simply to argue that plaintiff is the sole witness to the accident with exclusive knowledge of the facts as to how the accident happened (*see*, *Klein v City of New York*, 89 NY2d 833, *affg* 222 AD2d 351; *Rodriguez v New York City Hous. Auth.*, 194 AD2d 460; *Rodriguez v Forest City Jay St. Assocs.*, 234 AD2d 68, 69-70). Concerning plaintiffs' time to move for summary judgment, it expired on May 1, 1997, pursuant to CPLR 3212 (a) (*Phoenix Garden Rest. v Chu*, 245 AD2d 164), but the pretrial conferences held in February and April 1997, at which discussions were had as to whether defendants would concede liability, constituted good cause for permitting the motion to be served on or about May 30, 1997. We have considered defendants' remaining argument and find it to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.