■ LEONARD ROSSI et al., Appellants, v ARNOT OGDEN MEDICAL CENTER et al., Respondents. [676 NYS2d 699] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered December 11, 1997 in Chemung County, which granted defendants' motions for leave to file a late motion for summary judgment, and (2) from an order of said court, entered December 22, 1997 in Chemung County, which, *inter alia*, struck plaintiffs' note of issue.

This action to recover damages for alleged negligence and medical malpractice was commenced by plaintiffs in May 1991. After completion of discovery, a note of issue was filed by plaintiffs on September 4, 1997 and the action was placed on the trial calendar for April 20, 1998. On November 21, 1997, defendant Arnot Ogden Medical Center (hereinafter AOMC) moved for summary judgment, returnable on December 8, 1997. Plaintiffs opposed AOMC's motion on the ground that it violated the Sixth Judicial District's local rule, which required that the motion be served no later than 60 days subsequent to the filing of the note of issue. Thereafter, AOMC moved for leave to file a late motion for summary judgment. During oral argument on the two pending motions, defendant Joseph Chiota requested permission to serve a late motion for summary judgment. Supreme Court granted the applications of both defendants and ordered that Chiota could move for summary judgment up to 30 days prior to the trial date. After plaintiffs filed a notice of appeal, Supreme Court adjourned AOMC's motion for summary judgment and struck the note of issue pending the resolution of the appeal. Plaintiffs contend that Supreme Court erred in allowing defendants to serve late motions and in *sua sponte* striking the note of issue.

CPLR 3212 (a) provides, in pertinent part, that the court may set a date after which no summary judgment motion may be made, and if no such date is set by the court the motion "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown". The local rule enacted by the Sixth Judicial District provides that summary judgment motions "must be filed no later than sixty (60) days after the date when the trial note of issue is filed", unless permission is obtained from the "IAS Justice for good cause shown" (CPLR 3212 [a]).

Initially, we find that the local rule is consistent with CPLR 3212 (a) and, therefore, valid. CPLR 3212 (a) specifically permits courts to shorten the 120-day period provided that it is no earlier than 30 days after the filing of the note of issue. The local rule is a manifestation of the exercise of discretion by the Supreme Court in the Sixth Judicial District to establish a shorter time period for motions for summary judgment. Since Supreme Court is clearly authorized to curtail the time period pursuant to CPLR 3212 (a), the local rule is consistent therewith.

Addressing AOMC's motion for leave to serve a late motion for summary judgment, we reject plaintiffs' claim that Supreme Court abused its discretion in permitting belated service. AOMC's motion was served 78 days subsequent to the filing of the note of issue and was, therefore, in compliance with CPLR 3212 (a) but not the local rule. In light of the fact that the local rule was promulgated pursuant to Supreme Court's discretion, we will not disturb its decision to lengthen its own time restriction, especially since plaintiffs have not demonstrated any prejudice as a result of the short delay (*cf., Tewari v Tsoutsouras*, 75 NY2d 1; *Harley v United Servs. Auto. Assn.*, 191 AD2d 768, *appeal dismissed* 82 NY2d 701).

Supreme Court also did not abuse its discretion in allowing Chiota to serve a late motion for summary judgment, notwithstanding the fact that Chiota's counsel waited an inordinate amount of time to move and did not request leave prior to expiration of the 120 days. CPLR 3212 (a) was amended in 1996 to "address the proliferation of eleventh hour motions, made when there is inadequate time for reply or proper court consideration, and to prevent trial delays which often prejudice litigants who have spent extensive time and money in trial preparation" (*Auger v State of New York*, 236 AD2d 177, 179). The statute, however, does not provide a safe haven for frivolous or meritless lawsuits and "[f]oreclosing the opportunity for a summary judgment motion in a sense punishes the whole court system by keeping a case alive when an earlier arrangement for a decent funeral is possible" (Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:12, 1998 Pocket Part, at 62-63). Supreme Court should, therefore, be afforded wide latitude with respect to determining whether "good cause" exists for permitting late motions. The court may exercise its authority to lengthen the time in which to move for summary judgment where, as here, it decides to entertain a belated but meritorious motion in the interest of judicial economy and the opposing party has not

manifested any prejudice (*cf.*, *Acosta v 888 7th Ave. Assocs.*, 248 AD2d 284).

We concur, however, with plaintiffs' contention that Supreme Court erred in vacating the note of issue pending the resolution of plaintiffs' appeal. Pursuant to 22 NYCRR 202.21 (e), Supreme Court may *sua sponte* vacate a note of issue "if it appears that a material fact in a certificate of readiness is incorrect" (*see*, *Levy v Schaefer*, 160 AD2d 1182; *Hutchins v Wand*, 82 AD2d 928). Here, the record is devoid of any indication that the case was not ready for trial or that the certificate of readiness was incorrect. Striking the note of issue under these circumstances not only penalizes plaintiffs, it vitiates the time restrictions set forth in CPLR 3212 (a) and the local rule. It was not necessary for Supreme Court to strike the note of issue in order to adjourn the trial date (*cf.*, *People v Spears*, 64 NY2d 698; *Carder v Ramos*, 163 AD2d 732) or stay the action pursuant to CPLR 5519 (c).

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order entered December 11, 1997 is affirmed, without costs. Ordered that the order entered December 22, 1997 is modified, on the law, without costs, by reversing so much thereof as struck plaintiffs' note of issue, and, as so modified, affirmed.