■ CARLO AURORA, Plaintiff, v FORD MOTOR CREDIT CORPORATION et al., Defendants. (Action No. 1.) CHRISTOPHER MITCHELL, Appellant, et al., Plaintiff, v FORD MOTOR CREDIT CORP. et al., Respondents, et al., Defendants. (Action No. 2.) [698 NYS2d 534]
—In two related actions to recover damages for personal injuries, Christopher Mitchell, a plaintiff in Action No. 2, appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 9, 1998, as denied that branch of his motion which was, in effect, for summary judgment dismissing the counterclaim asserted against him in that action.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and that branch of the appellant's motion, in effect, for summary judgment dismissing the counterclaim asserted against him in Action No. 2 is granted.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the appellant's motion which was, in effect, for summary judgment dismissing the counterclaim asserted against him in Action No. 2 on the ground that it was barred by the doctrine of collateral estoppel. Although the appellant's motion was not made within 120 days of the filing of the note of issue, he demonstrated good cause for his delay in making the motion (see, CPLR 3212 [a]). Additionally, it is clear that the doctrine of collateral estoppel (see generally, *Mahl v Citibank,* 234 AD2d 348) bars the counterclaim against the appellant in Action No.

2 (*see, Aurora v Ford Motor Credit Corp.*, 260 AD2d 417), and therefore the purposes of CPLR 3212 (a) are not served by denial of the requested relief (*see, Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.