■ EVELYN RABADI et al., Appellants, v ATLANTIC & PACIFIC TEA COMPANY, INC., Doing Business as A&P SUPERMARKET OF YONKERS, Respondent. [702 NYS2d 316] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered October 9, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 12, 1993, Evelyn Rabadi was shopping in an A&P Supermarket in Yonkers when she tripped and fell on a "rolled up" carpet in the produce aisle. In July 1995 Evelyn Rabadi and her husband commenced this action against the supermarket to recover damages for the injuries allegedly sustained as a result of the accident. About nine months after the note of issue was filed, the defendant moved for summary judgment dismissing the complaint. The plaintiffs opposed the motion on the procedural ground that it was untimely and on the substantive ground that there were genuine issues of material fact.

The Supreme Court providently exercised its discretion in considering the defendant's belated motion for summary judgment (*see, Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778; *Acosta v 888 7th Ave. Assocs.,* 248 AD2d 284; *Surace v Lostrappo,* 176 Misc 2d 408). The amended version of CPLR 3212 (a), which became effective January 1, 1997, requires that a motion for summary judgment be made within 120 days after the note of issue is filed, "except with leave of court on good cause shown" (CPLR 3212 [a], as amended by L 1996, ch 492). Although the defendant's motion was untimely, it established good cause for the delay, and the plaintiffs failed to demonstrate any prejudice.

Furthermore, the defendant established its entitlement to judgment as a matter of law. In response to the defendant's motion, the plaintiffs failed to raise a triable issue of fact. A plaintiff in a slip-and-fall case must establish that the defen-

dant either created the condition that caused the accident or had actual or constructive notice of the condition (*see, e.g., Rotunno v Pathmark,* 220 AD2d 570; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280). Where there is no indication in the record that the defendant created the alleged dangerous condition or had actual notice of it, the plaintiff must proceed on the theory of constructive notice. To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Here, there was no evidence that the defendant created a dangerous condition by placing the carpet in the produce aisle, that it had actual notice, or that the carpet was "rolled up" for any appreciable length of time before the incident so as to constitute constructive notice. In the absence of a triable issue of fact, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see, Hughes v Carrols Corp.,* 248 AD2d 923). Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.