Second Department, June, 2000

(June 5, 2000)

■ Ralph S. Andaloro et al., Respondents, v Hidden Ponds Development Corp., Appellant. [709 NYS2d 432] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 3, 1999, which denied its motion, in effect, for leave to move for summary judgment more than 120 days after the note of issue was filed, and for summary judgment dismissing the complaint.

Ordered that the order is reversed, as a matter of discretion, with costs, that branch of the defendant's motion which was, in effect, for leave to move for summary judgment more than 120 days after the note of issue was filed is granted, and the matter is remitted to the Supreme Court, Suffolk County, for consideration of that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion, in effect, for leave to move for summary judgment more than 120 days after the filing of the note of issue (see, CPLR 3212 [a]). The defense counsel's affirmation established the requisite "good cause" for the delay in making the motion (see, Aurora v Ford Motor Credit Corp., 266 AD2d 418; Rossi v Arnot Ogden Med. Ctr., 252 AD2d 778). We also note that the defendant's delay in making the motion caused no prejudice to the plaintiffs, who did not oppose that branch of the defendant's motion (see, Rabadi v Atlantic & Pac. Tea Co., 268 AD2d 418). Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.