■ DANIELLE HANLEY, an Infant, by Her Parent and Natural Guardian, PATRICIA HANLEY, et al., Appellants-Respondents, v EAST MORICHES UNION FREE SCHOOL DISTRICT II et al., Respondents, and MONTAUK BUS CO., INC., Respondent-Appellant. [712 NYS2d 617] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 4, 1999, as granted the motion of the defendant East Moriches Union Free School District II for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Montauk Bus Co., Inc., cross-appeals from so much of the same order as, in effect, denied as untimely its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law and as an exercise of discretion, by deleting the provision thereof denying the cross motion of the defendant Montauk Bus Co., Inc., for summary judgment dismissing the complaint and all cross

claims insofar as asserted against it, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the action against the remaining defendants is severed.

The infant plaintiff was a student at the defendant East Moriches Union Free School District II. The School District contracted with the defendant Montauk Bus Co., Inc. (hereinafter Montauk), to provide transportation to its students. On the day in question, the infant plaintiff was waiting in the driveway of her home for her mother, who was inside the house, to walk her and her brothers to their school bus stop. The infant plaintiff suddenly and inexplicably ran into the street and was hit by a car driven by the defendant Carolanne B. Koehler, and owned by the defendant Joseph Koehler. This action was thereafter commenced against, among others, the School District and Montauk. The School District's subsequent motion for summary judgment was granted, while Montauk's cross motion for the same relief was denied as untimely. We now modify the order to grant Montauk's cross motion.

The School District established that it owed no duty to the infant plaintiff at the time of the incident, since she was in the custody and under the supervision of her mother and was not involved in any activity related to her transportation to school (*see, Pratt v Robinson,* 39 NY2d 554). The plaintiffs have failed to submit evidence to support their assertion that the location of the school bus stop was inherently dangerous. It is well settled that a school district's duty to provide safe bus stops and school transportation does not require that it prevent a child from encountering traffic hazards while traveling between her house and the bus stop (*see, Pratt v Robinson, supra*; *Womack v Duvernay,* 229 AD2d 488). Furthermore, even if the plaintiffs raised an issue of fact as to whether the School District was negligent in its designation of the bus stop, any such negligence was not a proximate cause of the infant plaintiff's injuries. Rather, the spontaneous act of the infant plaintiff in suddenly and inexplicably running into the street superseded any alleged negligence of the School District as a proximate cause of the accident. Thus, the plaintiffs' submissions were insufficient to defeat the School District's motion for summary judgment (*see, Womack v Duvernay, supra*).

The Supreme Court, however, should have exercised its discretion to entertain Montauk's cross motion for summary judgment even though it was not made within 120 days after the filing of the note of issue (*see,* CPLR 3212 [a]; *see also, Aurora v Ford Motor Credit Corp.,* 266 AD2d 418). Montauk

demonstrated that its delay was justified. Moreover, it is clear that Montauk cannot be liable to the plaintiffs since it exercised no control over the infant plaintiff or the location of the bus stops. Under these circumstances, Montauk's cross motion for summary judgment should be granted. Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.