■ MARY ZWECKER, Appellant, v MICHAEL C. CLINCH et al., Respondents, et al., Defendant. [720 NYS2d 150] —In an action, *inter alia*, to recover damages for false arrest and civil rights violations under 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 6, 1999, which (1) granted the separate motions of the defendants Michael C. Clinch and James J. McKenna, Sr., for leave to make late motions for summary judgment and for summary judgment dismissing the complaint insofar as asserted against them, and (2) denied her cross motion pursuant to General Municipal Law § 50-e (6) for leave to amend the notice of claim.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court providently exercised its discretion in granting the respondents leave to move for summary judgment, even though more than 120 days had elapsed since the note of issue was filed (*see,* CPLR 3212 [a]; *Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778; *Surace v Lostrappo,* 176 Misc 2d 408; *see also, Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124). The Supreme Court determined at a pretrial conference that, based on the history of the action and the court's own delays, there was good cause to permit any of the parties to move for summary judgment despite the time constraints imposed by CPLR 3212 (a). In addition, since the respondents' separate motions were made five months before a trial was scheduled, the plaintiff suffered no prejudice.

The plaintiff allegedly was falsely arrested in the Town of Hyde Park on April 9, 1993, for the unauthorized use of a computer, and on July 22, 1993, for official misconduct and offering a false instrument for filing, based on criminal informations filed by the respondents. The plaintiff was convicted of the charges. However, the Appellate Term, Ninth and Tenth Judicial Districts, reversed the convictions on the ground, *inter alia*, that the informations relied on impermissible hearsay.

The respondents separately moved for summary judgment dismissing the complaint insofar as asserted against them. In support of their motions, they established, prima facie, that the police had probable cause to arrest the plaintiff on April 9, 1993, based on the deposition testimony of a police officer with personal knowledge of the incident. In opposition, the plaintiff failed to raise a triable issue of fact. No cause of action to recover damages for false arrest lies when it is established that probable cause for the arrest existed (*see, Broughton v State of New York,* 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Kracht v Town of Newburgh,* 245 AD2d 424). For the same reason, no cause of action to recover damages for false arrest lies under 42 USC § 1983 (*see, Kandekore v Town of Greenburgh,* 243 AD2d 610). Therefore, so much of the complaint as was based on the April 9, 1993, arrest was properly dismissed insofar as asserted against the respondents.

As to the arrest on July 22, 1993, the plaintiff failed to file a notice of claim for that incident (*see,* General Municipal Law §§ 50-e, 50-i). The notice of claim filed in June 1993 concerned only her arrest on April 9, 1993. The failure to file a notice of claim would not necessarily preclude the plaintiff from asserting a cause of action against individuals based on an alleged false arrest, since the provisions of General Municipal Law § 50-e apply to claims against individual defendants only if a municipality is obligated to indemnify them (*see, International Shared Servs. v County of Nassau,* 222 AD2d 407; General Municipal Law § 50-e [1] [b]). The obligation to indemnify depends upon whether the individual defendants were acting within the scope of their employment when they committed the alleged misdeeds (*see, International Shared Servs. v County of Nassau, supra*). The plaintiff offered no evidence that the respondents were acting outside the scope of their employment. Therefore, her claims against them based on the July 22, 1993, arrest are precluded, and so much of the complaint as was based upon that arrest was properly dismissed insofar as asserted against the respondents.

The Supreme Court properly denied the plaintiff's cross motion pursuant to General Municipal Law § 50-e (6) for leave to amend the notice of claim served in June 1993, to include the July 22, 1993, arrest. In support of her cross motion, the plaintiff argued that her failure to include the July 22, 1993, arrest was merely a "mistake, omission, irregularity or defect" (General Municipal Law § 50-e [6]). However, although the plaintiff's July 22, 1993, arrest was based on charges arising out of the same incident underlying the April 1993 arrest, the charges involved different facts and allegations. The plaintiff's time to move for leave to serve a late notice of claim had expired (see, General Municipal Law § 50-e [5]), and General Municipal Law § 50-e (6) does not permit amendments to a notice of claim that are substantive in nature (see, *Forsythe v Town of Tuxedo*, 220 AD2d 640; *Demorcy v City of New York*, 137 AD2d 650). Therefore, the Supreme Court properly denied the plaintiff's cross motion for leave to amend the notice of claim.

The notice of claim requirements of General Municipal Law § 50-e do not apply to Federal civil rights claims brought pursuant to 42 USC § 1983 (see, *Felder v Casey*, 487 US 131; *Gorman v Sachem Cent. School Dist.*, 232 AD2d 452). The plaintiff's failure to file a notice of claim concerning the July 22, 1993, arrest does not require dismissal of her claims under 42 USC § 1983 against the respondents. Nevertheless, the existence of probable cause for an arrest is a defense to a claim for false arrest under 42 USC § 1983 (see, *Kandekore v Town of Greenburgh, supra*). Probable cause existed for the plaintiff's arrest on July 22, 1993, and the plaintiff failed to offer evidence sufficient to present a triable issue of fact. Accordingly, the plaintiff's argument regarding this issue is without merit, and those claims were properly dismissed. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.