■ SADU SINGH et al., Appellants, v MANIA RAJKUMAR et al., Defendants, and SIDDARTH SAPRA et al., Respondents. [741 NYS2d 708] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated March 2, 2000, which granted the motion of the defendants Siddarth Sapra and Kashmir Sapra for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly addressed the merits of the motion of the defendants Siddarth Sapra and Kashmir Sapra (hereinafter the Sapra defendants) for summary judgment dismissing the complaint insofar as asserted against them,

notwithstanding that it was made more than 120 days after the filing of the note of issue (*see* CPLR 3212 [a]; *Andaloro v Hidden Ponds Dev. Corp.,* 273 AD2d 185; *Quinlan v Kaufman,* 258 AD2d 453; *Gonzalez v 98 Mag Leasing Corp.,* 261 AD2d 508).

After the Sapra defendants made out a prima facie case for summary judgment, the plaintiffs failed to raise a triable issue as to whether the Sapra defendants had knowledge that a child age six or under resided at the subject apartment (*see Randolph v St. Hill,* 258 AD2d 638). Accordingly, summary judgment was properly granted in favor of the Sapra defendants dismissing the complaint insofar as asserted against them. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.