■ TERESA O'CALLAGHAN, Appellant, v GREAT ATLANTIC & PACIFIC TEA COMPANY et al., Respondents. [742 NYS2d 358] —In

an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated January 19, 2001, which granted defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a prima facie case of negligence in a slip and fall case, a plaintiff must demonstrate that the defendant created the condition that caused the accident, or that the defendant had actual or constructive notice of the condition (*see Rabadi v Atlantic & Pac. Tea Co.*, 268 AD2d 418; *Rotunno v Pathmark*, 220 AD2d 570; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280). To constitute constructive notice, a defect must be visible and apparent for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837). The proponent of a summary judgment motion to dismiss the complaint based upon a lack of notice is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see Goldman v Waldbaum*, 248 AD2d 436).

The defendants met their burden (*see Rojas v Supermarkets Gen. Corp.*, 238 AD2d 393; *Fox v Kamal Corp.*, 271 AD2d 485). The plaintiff submitted no proof, only speculation, that the hazard upon which she allegedly slipped and fell remained on the floor for a sufficient length of time prior to the accident to permit defendants' employees to discover and remedy it (*see Anderson v Klein's Foods*, 139 AD2d 904, *affd* 73 NY2d 835; *Bachrach v Waldbaum, Inc.*, 261 AD2d 426). Thus, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.