■ CARLOS R. RAMOS, Appellant, v CASTEGA-20 VESEY STREET, LLC, et al., Respondents. [808 NYS2d 424]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated October 13, 2004, which, upon the granting of the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

At a trial on the issue of liability, the plaintiff testified that on December 27, 1999, he was injured as a result of a slip and fall at premises operated by the defendant Vesdel Foods, Inc., doing business as Stage Door Deli (hereinafter the Deli), due to the presence of oil and water on the metal staircase utilized by the plaintiff when delivering cases of soda to the subbasement. The plaintiff testified that, on the date in question, he made three prior trips down the stairs without incident using an aluminum hand truck to carry the cases of soda. On his first trip down the stairs he saw another person in the same vicinity throwing out garbage. Though the plaintiff suggested that this person worked for the Deli, there was no other proof adduced as to this person's identity. On the plaintiff's third trip down, he saw the other person with a box "going up [and] that it was leaking water." The plaintiff testified that on his fourth trip down the stairs he slipped on the leaked substance, which he described as oil and water, and fell. He testified that he did not report his fall to the Deli because he did not think he was seriously injured at that time.

Other proof offered by the defendants indicated that garbage removal was only done in the evening hours. During business hours, a porter was employed in the subbasement. The porter's duties included keeping the hallway and staircase clean from debris.

Based on this record the jury returned a verdict in favor of the plaintiff. The defendants moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law. The court granted the motion.

A jury verdict may be set aside as a matter of law for insufficient evidence when the trial court finds that no valid line of reasoning and permissible inferences could possibly lead a rational person to the conclusion reached by the jury (*see*

*Nicastro v Park,* 113 AD2d 129 [1985]; *Kiley v Almar, Inc.,* 1 AD3d 570 [2003]). In this instance, the plaintiff failed as a matter of law to prove that the defendants' employee or agent acted negligently, or that such negligence was a proximate cause of the accident and the plaintiff's injuries. Thus, the Supreme Court correctly granted the defendant's motion.

The complaint alleged, in essence, that a dangerous condition existed which the defendants knew or should have known existed and that they failed to remedy the same. The proof presented by the plaintiff failed to establish these allegations.

In a premises liability case, the plaintiff must plead and prove that the defendant either created or had actual or constructive notice of the dangerous condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *O'Callaghan v Great Atl. & Pac. Tea Co.,* 294 AD2d 416 [2002]). Nothing in the record demonstrated that any actual or constructive notice—the very predicate of the plaintiff's complaint—was given to the defendants.

The proof adduced by the plaintiff at trial would not support the conclusion that the alleged dangerous condition was created by the defendants. As the defendants note, no proof was adduced as to the identity of the other person in the subbasement, nor was any appropriate proof adduced from which a reasonable inference could be drawn that said person was an employee or agent of the defendants. Moreover, the act of trash removal at a commercial eating establishment entails potential spillage in the nonpublic areas of the establishment. Indeed, that appears to be the very reason that the Deli employed a porter to maintain the areas in a clean and safe state. The sparse facts adduced at trial did not establish that the spillage of waste material, i.e., the creation of the alleged dangerous condition, was caused by any negligence in the transporting of the material in the box by the other person in the subbasement (*cf. Mercer v City of New York,* 223 AD2d 688 [1996], *affd* 88 NY2d 955 [1996]; *Valdez v City of New York,* 148 AD2d 697 [1989]). The sole proof as to the duration of the condition was that the spill was virtually contemporaneous with the plaintiff's fall.

The only evidence heard by the jury was that the plaintiff safely traversed the staircase three times and that he saw a person carry a box leaking water up the staircase, but nonetheless proceeded down the stairs a fourth time when he slipped on the substance he knew to be on the stairs. He gave no notice to anyone to correct the condition of which he alone was aware. In view of the proof, the trial court correctly granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict

and for judgment as a matter of law. Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.