OPINION OF THE COURT
Per Curiam.
Order, entered March 28, 2006, affirmed, with $10 costs. Appeal from order, entered July 7, 2006, dismissed, without costs, as academic.
Plaintiff seeks to recover damages for personal injuries sustained when he fell from the rear “step” of defendant’s flower truck. The record shows that the truck was used by defendant, a wholesale supplier, to deliver flowers to local merchants. Attached to the rear of the truck was a steel bar or “step,” which was approximately 18 inches above the ground and an additional 18 inches below the door. In his deposition testimony, plaintiff stated that he fell from the step “because the metal bent downwards as I stepped off.” Plaintiff recalled that “when he stepped on the step, it slipped. It went down and I slipped and fell. I don’t remember if it was wet or not. I didn’t pay no mind to that.” Plaintiff further stated that when he put his weight on the step, it “went down more than an inch.” When asked, “Is that what you claimed caused you to slipped off,” plaintiff replied, “Yes.”
In moving for summary judgment dismissal, defendant argued that it neither created nor had notice of any purported defective condition. Defendant presented photographic evidence, depicting the condition of the truck on the date of plaintiffs accident, and the deposition testimony and affidavit of its truck driver, who stated that the metal step was sturdy, dry, and free of debris, and that no one had previously fallen from the step.
In opposition, plaintiff relied upon his deposition testimony and photographs purportedly depicting a “large bent, dented and defective area” on the left side of the step as well as a sloping dent of the step. Plaintiff’s attorney, in an affirmation, argued that the photographs also showed the absence of safety rails, which allegedly created an unsafe and dangerous condition. Defendant’s motion was granted on the ground *16 that plaintiff did not produce evidence in admissible form to raise a triable issue since plaintiff did not submit a personal affidavit and the transcript of his deposition testimony was unsigned. Plaintiff moved for reargument and renewal, submitting a sworn affidavit, in which he claimed, for the first time, that the “floor inside the truck was really wet from all the flowers and water buckets” and that as he exited the truck, his feet were wet. Plaintiff added that
“the metal step was not protected with any type of nonslip surface and when my feet pressed down on the step, the step gave way, bending downward, causing me to fall. This was a very long step and there were no handrails anywhere to grab onto. The step looked old and rusty; and there appeared to be many repairs made to it.”
Even considering plaintiffs deposition testimony and his affidavit submitted on renewal, we agree that plaintiff failed to raise a triable issue sufficient to defeat summary judgment. Plaintiffs evidence was inconsistent and speculative in identifying the defect allegedly causing his injury and failed to establish the existence of such defect or that defendant had actual or constructive notice of it (see D’Ambra v New York City Tr. Auth., 16 AD3d 101 [2005]). Plaintiffs testimony that he fell as he alighted from the rear of the truck because the step “went down more than an inch” provided nothing more than mere speculation as to the cause of the accident and is of no probative value in establishing that defendant created or had notice of the alleged hazard. Notably, the photographs of the step reproduced in the record on appeal fail to depict any dangerous or defective condition, and plaintiff did not submit any expert evidence or other competent proof in support of his claim of a defective step. To the extent that plaintiffs affidavit in support of his renewal motion alleged that he fell because the inside of the truck was wet and that the step was not protected with a nonslip surface, we can only consider such statements to have been tailored to avoid the consequences of his earlier testimony, and it is therefore, insufficient to raise a triable issue (see Fernandez v VLA Realty, LLC, 45 AD3d 391 [2007]). Nor did plaintiff raise an issue of fact as to whether the absence of a handrail caused his fall. “Merely demonstrating the lack of handrails will not stave off summary judgment” (Pena v Women’s Outreach Network, Inc., 35 AD3d 104, 111 *17 [2006]), particularly where plaintiff did not allege that he “reached out for a handrail either before or during [the] fall and did not testify at . . . deposition that the lack of handrails contributed to [his] accident” (Plowden v Stevens Partners, LLC, 45 AD3d 659, 660 [2007]).
McKeon, EJ., Davis and Heitler, JJ., concur.