OPINION OF THE COURT
Per Curiam.
Order, dated February 1, 2010, affirmed, with $10 costs.
Plaintiff commenced this negligence action seeking to recover damages for personal injuries allegedly sustained when, on February 16, 2005, he tripped and fell on the sidewalk adjacent to the rear parking lot of a White Castle restaurant owned by defendants. In his deposition testimony, plaintiff stated that he thought that he tripped on an uneven part of the sidewalk, recalling that “when you get to the edge there’s something there that’s not filled, it’s empty, like an empty, emptiness there, and I imagine that’s where I placed my foot. I think that’s where it was.” When asked, “So you didn’t actually see what caused you to fall before you fell?,” plaintiff responded, “No, because I would have avoided it, of course not.”
In moving for summary judgment, defendants argued that plaintiff, by his own admission, could neither identify the cause of his accident, nor prove that defendants created or had notice of any allegedly defective condition. In opposition, plaintiff relied upon his deposition testimony, his affidavit and photographs purportedly depicting a misleveling between the edge of the sidewalk and the edge of the blacktop driveway where the two met. The Civil Court granted summary judgment dismissing the complaint, and we affirm.
In a trip-and-fall case, “[wjhere a defendant moves for summary judgment, it has the burden in the first instance to establish, as a matter of law, that either it did not create the dangerous condition which caused the accident or that it did not have actual or constructive notice of the condition” (Mitchell v City of New York, 29 AD3d 372, 374 [2006]; see Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [2008]). Once a defendant establishes prima facie entitlement to judgment as a matter of law, the burden shifts to plaintiff to raise a triable issue of fact as to the creation or notice of the defect (see Kesselman v Lever House Rest., 29 AD3d 302, 303-304 [2006]; Ramos v Castega-20 Vesey St., LLC, 25 AD3d 773, 775 [2006]).
Here, defendants met their burden of demonstrating that they neither created nor had actual or constructive notice of any hazardous condition prior to the accident (see Gordon v *63 American Museum of Natural History, 67 NY2d 836, 837 [1986]). In opposition, the plaintiff failed to raise a triable issue sufficient to defeat summary judgment. Plaintiffs evidence was speculative in identifying the defect that allegedly caused his injury, and failed to raise a triable issue of fact with respect to whether defendants created or had actual or constructive notice of it (see Smith v Costco Wholesale Corp., 50 AD3d at 501; D’Ambra v New York City Tr. Auth., 16 AD3d 101 [2005]; Kane v Estia Greek Rest., 4 AD3d 189 [2004]).
We note, too, that the photographs of the sidewalk reproduced in the record on appeal fail to depict any dangerous or defective condition, and plaintiff did not submit any expert evidence or other proof in support of his claim that the sidewalk was defective (see Garcia v AST Wholesale Florist Inc., 21 Misc 3d 14, 15 [2008]).
Schoenfeld, J.P, Shulman and Torres, JJ., concur.