■ ADORITA FELIPE APPLETON, Appellant, v 205 EAST 17TH STREET, LLC, et al., Respondents, et al., Defendants. [954 NYS2d 884]—

On September 27, 2005, the plaintiff allegedly fell and sustained injuries in her apartment building. The plaintiff was descending a staircase into the lobby when she allegedly tripped on a piece of metal resting on the step immediately above the lobby floor. At the time, there was renovation work ongoing in the building, and there were building materials stored in the lobby.

The plaintiff commenced this action to recover damages for personal injuries. Following a trial, the jury returned a verdict finding, inter alia, that neither the plaintiff nor the defendants 205 East 17th Street, LLC, and 2500 Bedford Avenue, LLC (hereinafter together the respondents) were negligent in the happening of the accident. The Supreme Court entered a judgment dismissing the complaint insofar as asserted against the respondents. On appeal from the judgment, the plaintiff contends that she was deprived of a fair trial by the cumulative impact of several of the Supreme Court's evidentiary rulings at trial. We agree.

"In a premises liability case, the plaintiff must plead and prove that the defendant either created or had actual or constructive notice of the dangerous condition" (*Ramos v Castega-20 Vesey St., LLC*, 25 AD3d 773, 775 [2006]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

The Supreme Court erred in precluding the former employee of 205 East 17th Street, LLC, Antonio Markham, who was the superintendent of the building at the time of the accident, from testifying concerning two complaints he had received of construction supplies or debris in the area of the building lobby. The court also erred in precluding the plaintiff's husband from testifying as to his observations of the area where the accident occurred approximately 12 hours prior to the accident. This testimony from these witnesses was relevant to the issue of whether the defendants had actual or constructive notice of the hazardous condition which allegedly caused the plaintiff's injuries. Moreover, the probative value of this evidence was not substantially outweighed by any danger that it would unfairly prejudice the respondents (*see generally Maiorani v Adesa Corp.*, 83 AD3d 669, 672 [2011]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.