■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GARCIA, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered December 21, 1987, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him to an indeterminate prison term of from seven to twenty-one years, and an order of said court, entered on or about July 7, 1988, denying defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

There is no merit to defendant's claims that he was not accorded the opportunity to testify before the Grand Jury and that the testimony of Detective Torres before the Grand Jury was perjured. Having pled guilty, defendant's conviction rests on the sufficiency of his plea and not the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial (People v Di Raffaele, 55 NY2d 234). Defendant has not challenged the sufficiency of his plea and, in any event, we find that it was both knowingly and voluntarily entered. Moreover, we note defendant's request to appear before the Grand Jury came on the eve of trial, one year after the indictment had been voted, and without the required notice to the District Attorney (CPL 190.50 [5] [a]) or a timely motion to dismiss the indictment on the ground now raised (CPL 190.50 [5] [c]). Defendant's assertion that his plea was coerced by his trial counsel and the court is directly refuted by the record, especially defendant's own statement that he authorized his attorney to enter a plea of guilty because he was "in fact" guilty.

The defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137). Faced with a case where there were several eyewitnesses to the crime, including defendant's own brother who incriminated him, and the fact that the murder weapon was found behind the apartment building where defendant was arrested, trial counsel nonetheless competently and vigorously attempted to obtain suppression of lineup identifications, as well as of the gun recovered, and, eventually, was able to gain a favorable plea arrangement for the defendant. In any event, we find the specific examples of ineffectiveness asserted by defendant, *pro se,* to be frivolous. Nor is there any merit to defendant's *pro se* challenge to the effectiveness of his appellate counsel on this appeal. *(People v Bachert,* 69 NY2d 593.) Finally, we do not find the forty-seven year old defendant's sentence to be excessive. As a prior felon, charged with murder in the second degree, and faced with overwhelming evidence of guilt, defendant could have received a minimum sentence of fifteen to twenty-five years. Moreover, insofar as defendant's sentence is in accordance with a negotiated plea bargain, he is bound by its terms *(People v Felman,* 141 AD2d 889, *lv denied* 72 NY2d 918). Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.