■ In the Matter of CAROL SHAYA-CASTRO, Petitioner, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [649 NYS2d 711] —Determination of respondent Police Commissioner dated March 7, 1995, which dismissed petitioner from her position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edith Miller, J.], entered September 25, 1995), dismissed, without costs.

Recognizing that the Police Department has a special accountability to the public for integrity and efficiency of its operations (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 235; *Matter of Berenhaus v Ward*, 70 NY2d 436, 445; *Trotta v Ward*, 77 NY2d 827) and must maintain discipline among officers (*Matter of Bal v Murphy*, 43 NY2d 762), we find that the penalty of dismissal is not so disproportionate as to warrant judicial correction. Petitioner did not merely pose nude, but used her position, uniform and police equipment, without authorization, for her personal commercial benefit, and actively promoted the commercial product, in a manner that was likely to hold the department up to public ridicule. Nor is there merit to petitioner's constitutional arguments. Since the Police Department was acting in its capacity as employer, as opposed to a State agency acting as a regulatory authority, petitioner's First Amendment right of free expression could be restricted to the extent that it interfered with the discharge of the department's police operations, unless the topic or mode of communication involved a matter of public concern (*see, Matter of Zaretsky v New York City Health & Hosps. Corp.*, 84 NY2d 140, 145, citing, *inter alia, Waters v Churchill*, 511 US 661), manifestly absent here. Petitioner concedes that the relevant provisions of the Patrol Guide are gender neutral. Although

she alludes to purported examples of male officers receiving more lenient treatment for sex-connected misbehavior, none of those cases involved an officer's use of the uniform, badge and identification for a personal commercial benefit that held the department up to ridicule. Finally, the charges alleged specific conduct, so that the relevant departmental disciplinary standards were not vague as applied. Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.