■ In the Matter of JAMES MORROW, Petitioner, v HOWARD SAFIR et al., Respondents. [660 NYS2d 582] —Determination of respondent Police Commissioner dated February 22, 1996, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paula Omansky, J.], entered September 16, 1996) dismissed, without costs.

Respondent's determination that petitioner should be dismissed was not based on petitioner's alcoholism, but on his inappropriate conduct in sliding down an escalator bannister in a hotel, in the nude, while in Washington, D.C. to attend the solemn occasion of memorial services for slain police officers (*see, Newland v Dalton*, 81 F3d 904, 906, citing, *inter alia, Maddox v University of Tenn.*, 62 F3d 843; *Little v Federal*

*Bur. of Investigation*, 1 F3d 255). Recognizing respondent's accountability to the public for the integrity of the Police Department (*see, Trotta v Ward*, 77 NY2d 827; *Matter of Shaya-Castro v New York City Police Dept.*, 233 AD2d 233), the penalty does not shock our sense of fairness. We have considered petitioner's other contentions and find them to be without merit. Concur—Wallach, J. P., Nardelli, Rubin, Tom and Andrias, JJ.