■ In the Matter of WAYNE HAGMAIER, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [665 NYS2d 880] —Determination of respondent Police Commissioner dated February 22, 1996, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered October 9, 1996), dismissed, without costs.

As in *Matter of Morrow v Safir* (242 AD2d 217), we reject petitioner's argument that respondent's decision to dismiss him was based on his alcoholism, rather than his misconduct, while out of town to attend a memorial service for slain police officers, in twice sliding down an escalator banister in a hotel, in the nude, and in discharging a fire extinguisher without cause resulting in the hotel's evacuation in the early morning hours. Also as in *Morrow (supra)*, the penalty of dismissal does not shock our sense of fairness. There is no merit to petitioner's argument that because his statements during the official interview pursuant to Patrol Guide § 118-9 were in response to matters that occurred while he was off duty, such statements should not have been considered (*see, Villanueva v Simpson*, 69 NY2d 1034).

We have considered petitioner's other contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.