■ ARZIE GOODMAN, Appellant, v MADHAV GUDI et al., Respondents, et al., Defendants. [695 NYS2d 576] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated August 25, 1998, which denied her motion to vacate a prior undated order of the same court granting the motion of the defendants Madhav Gudi, Krishnmurthi Sundaram, and Brooklyn Hospital Center pursuant to CPLR 3212 (a) for leave to file a late motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

CPLR 3212 (a) provides that motions for summary judgment shall be made no later than 120 days after the filing of the note of issue, except with leave of court on "good cause" shown. The Supreme Court is afforded latitude with respect to determining whether good cause exists for permitting late motions for summary judgment, and it may entertain a belated but meritorious motion in the interest of judicial economy where the opposing party fails to demonstrate prejudice (*see, Quinlan v Kaufman,* 258 AD2d 453). We find that the Supreme Court properly exercised its discretion in allowing the respondents to file late motions for summary judgment (*see, Quinlan v Kaufman, supra*). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.