**Robert J. DiSANTO, Plaintiff–Appellant,**

v.

**McGRAW–HILL, INC./PLATT'S DIVISION, Defendant–Appellee.**

**No. 1457, Docket No. 99–9056.**

United States Court of Appeals, Second Circuit.

Argued: March 20, 2000

Decided: July 11, 2000

---

Lee Nuwesra, New York, NY, for Plaintiff–Appellant.

Clifford R. Atlas, New York, NY, (Vincent A. Cino, John A. Snyder II, Jackson Lewis Schnitzler & Krupman, on the brief) for Defendant–Appellee.

Before: FEINBERG, JACOBS and HALL,* Circuit Judges.

PER CURIAM.

The district court dismissed this employment claim, asserted under, *inter alia*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, on the ground that plaintiff failed to reconcile his application for Social Security disability benefits, which disclaimed ability to work, with the required showing under the ADA that he is able to perform essential job functions. We affirm.

## I. Background

Plaintiff-appellant Robert J. DiSanto brought an action against his former employer, defendant-appellee McGraw–Hill, Inc./Platt's Division ("Platt's"), alleging that: (i) he was discharged because he is

---

* The Honorable Cynthia Holcomb Hall, Senior United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

HIV-positive and suffers from depression, in violation of the ADA and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296; (ii) his disability was not accommodated, in violation of the ADA; and (iii) he was subjected to a hostile work environment, in violation of the ADA and NYHRL. After a trial in the United States District Court for the Southern District of New York (Koeltl, *J.*), the jury found in the employer's favor on the failure to accommodate claim and on the hostile work environment claim, but in favor of DiSanto on his discriminatory discharge claim, and awarded $180,000 in back pay, $100,000 in compensatory damages and $1 million in punitive damages.

Platt's moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure, arguing, *inter alia*, that DiSanto failed to present a prima facie case of discriminatory discharge under the ADA or the NYHRL because he failed to prove that he could perform the essential functions of his job as a salesman.

Judge Koeltl ruled that DiSanto had not established a claim of discriminatory discharge under the NYHRL because: at the time of discharge, the NYHRL definition of "disability" was limited to "disabilities which do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held," N.Y. Exec. Law § 292(21) (McKinney 1993) (amended 1997); employers had no duty under the NYHRL to provide disabled employees with reasonable accommodations; and the evidence presented at trial was "uncontested that [DiSanto] could not perform his job in a reasonable manner" when he was discharged, *DiSanto v. McGraw Hill, Inc./ Platt's Div.*, No. 97 Civ. 1090(JGK), Tr. of Oral Decision at 21–22 (S.D.N.Y. Aug. 5, 1999). DiSanto himself testified that he was not capable of working without an accommodation at the time of his discharge, and DiSanto's psychologist testified that DiSanto could not work at this time due to depression. *See id.* at 22.

The district court also ruled that DiSanto failed to establish discriminatory discharge under the ADA, reasoning that the statute protects only those individuals "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position," and DiSanto failed to show that he is in that protected class. *Id.* at 24–25 (quoting 42 U.S.C. § 12111(8)). In support of its ruling, the district court relied on DiSanto's applications for Social Security benefits, in which he represented that he had been unable to work because of his disabling condition since July 30, 1994, well before his April 1995 discharge from Platt's. *See id.* at 26–27. In addition, in a May 1996 Social Security application, DiSanto cited his doctors' advice that "I am not well enough to work at present." *Id.* at 26. The district court found that DiSanto offered no explanation reconciling these statements with his contention at trial—crucial to recovery on the only claim on which he prevailed on the jury verdict—that he was able to perform the essential functions of his job with an accommodation. *See id.* at 27. Finally, the district court stated that "any suggestion that [DiSanto] could have continued to work if some accommodation were made was rejected by the jury" in its finding in Platt's favor with respect to DiSanto's reasonable accommodation claim. *Id.*

On appeal, DiSanto argues that the district court erred in granting judgment as a matter of law because: he in fact presented sufficient evidence that he could perform the essential functions of his job with or without an accommodation; and the statements in his Social Security applications, which were made more than a year after his discharge from Platt's, should not have been given controlling weight. DiSanto does not appeal the dismissal, pursuant to the jury verdict, of the hostile work environment and reasonable accommodation claims.

## II. Discussion

■ This Court reviews the district court's grant of judgment as a matter of law *de novo, see Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 94 (2d Cir.1999), applying the same standards as the district court, *see Galdieri–Ambrosini v. National Realty & Dev. Corp.,* 136 F.3d 276, 289 (2d Cir.1998); *Stratton v. Department for the Aging,* 132 F.3d 869, 878 (2d Cir.1997). Those standards are well established:

> Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor. In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence. Thus, judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].

*Galdieri–Ambrosini,* 136 F.3d at 289 (citations omitted) (alterations in original).

■ As the district court decided: (i) in order to prevail on the NYHRL claim, DiSanto was required to prove that he could perform his job in a reasonable manner, *see* N.Y. Exec. Law § 292(21); and (ii) in order to prevail on the ADA claim, DiSanto was required to prove that he could perform the essential functions of his job with or without an accommodation, *see Stone v. City of Mount Vernon,* 118 F.3d 92, 96–97 (2d Cir.1997) (setting forth the prima facie case for an ADA claim). In reviewing the district court's grant of judgment as a matter of law, this Court must determine whether there was any evidence indicating that DiSanto could perform his job at the time of his discharge. We conclude that there was none.

First, DiSanto himself testified that he could not perform his job at Platt's without an accommodation. This testimony is fatal to DiSanto's NYHRL claim, because at the time of his discharge the NYHRL did not protect disabled individuals who needed an accommodation to perform their jobs in a reasonable manner. *See* N.Y. Exec. Law § 292(21) (McKinney 1993) (amended 1997).

Second, although DiSanto testified that he could perform his job with an accommodation, he also represented to the Social Security Administration that he was completely disabled before his discharge. "[T]he Supreme Court has held that statements made for the purpose of securing disability benefits, describing why the claimant is too disabled to work, do not necessarily bar the disabled individual from claiming in an ADA action that he can perform the essential functions of the job at issue." *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 333 (2d Cir. 2000) (citing *Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 119 S.Ct. 1597, 1602, 143 L.Ed.2d 966 (1999)). At the same time, however, "the plaintiff must offer some explanation for the inconsistency." *Id.* The explanation must be "sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, [the statement to the Social Security Administration], the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" *Cleveland,* 119 S.Ct. at 1604 (citation omitted). At oral argument before this Court, DiSanto's counsel pointed to no explanation in the record other than the fact that this action was filed before the application for Social Security benefits. That fact does not explain why DiSanto is both disabled within the meaning of the Social Security Act, yet able to work within the meaning of the ADA.

We have searched the record for any explanation sufficient to preserve the jury verdict. In so doing, we have considered the possibility that DiSanto first became completely disabled when his depression deepened following his discharge from Platt's. We see that DiSanto's application to the Social Security Administration attributed his complete disability to depression combined with HIV; that DiSanto testified to increased depression after his discharge; and that some of DiSanto's statements to the Social Security Administration suggest that he became completely disabled at some point after his discharge. For example, DiSanto stated, on May 30, 1996, that "[m]y [doctors] have both told me I am not well enough to work *at present.*" (Emphasis added). Later, in a request for reconsideration dated October 15, 1996, DiSanto stated that the impairment that prevented him from working had lasted only "12 months," suggesting an onset of total disability post-dating his termination in April 1995. If DiSanto did not become completely disabled until after (or because of) his discharge, the jury could find that DiSanto was able to perform the functions of his job as of the date of his termination, notwithstanding his subsequent incapacity.

However, such a possibility cannot explain DiSanto's representation to the Social Security Administration that he had been "unable to work" since July 30, 1994—a date approximately ten months before his discharge.

Because DiSanto testified that he could not work without an accommodation, he cannot prevail on his NYHRL claim, and because DiSanto failed to explain his unqualified statement to the Social Security Administration that he was unable to work prior to his discharge, the evidence presented at trial cannot support DiSanto's ADA claim.

The Court has considered DiSanto's remaining arguments and finds them to be without merit. We affirm the district court's grant of judgment as a matter of law and the judgment dismissing DiSanto's complaint.