Kenneth W. FOWLER,
Plaintiff–Appellee,

v.

INDUSTRIAL TIRE PRODUCTS, INC., Defendant–Appellant.

No. 00–7661.

United States Court of Appeals, Second Circuit.

Jan. 22, 2001.

Margaret Fowler, Binghamton, NY, for appellant.

Mark A. Kenyon, Binghamton, NY, for appellee.

Present SACK, SOTOMAYOR and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

The defendant Industrial Tire Products, Inc. appeals from a decision and order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) denying its motions for a new trial and for judgment as a matter of law. We affirm.

On October 17, 1995, the plaintiff was injured while attempting to inflate an All Terrain Vehicle tire manufactured by the defendant. Three years later, on October 16, 1998, the plaintiff filed suit in the district court asserting claims based on negligence and strict liability. After a three day trial, the jury returned a verdict for the plaintiff in the amount of $144,800–$21,530.02 for past pain and suffering, $4,469.98 for lost wages, and $118,800 for future pain and suffering.

In reaching this decision, the jury found that the plaintiff had proved by a preponderance of the evidence that the defendant was negligent; that such negligence was a substantial factor in causing the plaintiff's injury; that the tire manufactured by the defendant was defective; and that this defective condition also substantially contributed to the injury. The jury further found that the defendant had failed to prove contributory negligence on the part of the plaintiff.

The defendant thereafter moved in the district court for a new trial pursuant to Fed.R.Civ.P. 59 on the grounds that the verdict was against the weight of the evidence and that the damages awarded were excessive, and in the alternative for judgment as a matter of law pursuant to Rule 50. The district court denied both of these motions on July 11, 2000, and the defendant appealed.

The defendant first argues that the district court erred in denying its motion for a new trial because the court applied an incorrect legal standard and compared the jury verdict to an impermissibly small sample of cases presenting dissimilar facts.

We review a district court's denial of a Rule 59 motion for abuse of discre-

tion, see *Hydro Investors, Inc. v. Trafalgar Power, Inc.,* 227 F.3d 8, 15 (2d Cir.2000). We conclude that the district court did not abuse its discretion in this case. In evaluating whether the jury verdict was excessive, the court properly applied the "deviates materially" standard of N.Y.C.P.L.R. § 5501(c) pursuant to the Supreme Court's holding in *Gasperini v. Center for Humanities,* 518 U.S. 415, 425, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). To the extent that it cited cases employing the "shocks the conscience" standard, it did so only in support of its preliminary statement that "courts should award deference to the jury's findings"—an unremarkable and well-established proposition of New York law. *See, e.g., Karney v. Arnot–Ogden Mem'l Hosp.,* 251 A.D.2d 780, 674 N.Y.S.2d 449, 452 (3d Dep't 1998).

■ Moreover, in carrying out its obligation to review similar cases in order to determine whether the jury verdict "deviate[s] materially from what would be reasonable compensation," N.Y.C.P.L.R. § 5501(c), the court carefully assessed five New York cases. This was not, as the defendant contends, an insufficient number with which to conduct such a comparison, *cf. Ordway v. Columbia County Agric. Soc'y,* 273 A.D.2d 635, 709 N.Y.S.2d 691, 693 (3d Dep't 2000) (upholding a jury award for past pain and suffering after reviewing four cases); *Osiecki v. Olympic Reg'l Dev. Auth.,* 256 A.D.2d 998, 682 N.Y.S.2d 312, 314 (3d Dep't 1998) (basing such a review on five comparable verdicts), nor were the facts in those cases so dissimilar as to render the comparison inadequate. Because the district court therefore discharged its duty to review the jury award under the appropriate standard, we conclude that it did not abuse its discretion in denying the defendant's motion for a new trial.

■ The defendant also argues that the district court erred in denying its Rule 50 motion for judgment as a matter of law. We review such a decision *de novo, see Diesel v. Town of Lewisboro,* 232 F.3d 92, 103 (2d Cir.2000), and may grant a Rule 50 motion only where "there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or ... there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it," *DiSanto v. McGraw–Hill, Inc./ Platt's Div.,* 220 F.3d 61, 64 (2d Cir.2000) (internal quotation marks and alterations omitted).

We conclude that the district court was correct to deny the defendant's motion for judgment as a matter of law. The trial record contains ample evidence from which the jury could conclude that the plaintiff's ankle injury was caused by the tire explosion, and its verdict was therefore not "the result of sheer surmise and conjecture." *Id.* Nor was there "such an overwhelming amount of evidence" showing the plaintiff's contributory negligence that "reasonable and fair minded persons could not arrive at" the conclusion that the jury in fact reached below. *Id.* We therefore affirm the district court's denial of the defendant's Rule 50 motion.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.