**Bruce MERRITT, Gloria Merritt, and Mastermedia Communications, Inc., Plaintiffs–Appellants,**

v.

**AMS ANLANGENPLANUNG GMBH & CO. and Guenther Huehnerjaeger, Defendants–Appellees.**

Nos. 99–7307, 00–9243.

United States Court of Appeals, Second Circuit.

April 16, 2001.

Thomas Zonay, Pratt, Vreeland, Kennelly, Martin & White, Ltd., Rutland, VT, for appellants.

Elizabeth Miller, Burlington, VT, for appellees.

Present FEINBERG, JON O. NEWMAN, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiffs Appellants Bruce and Gloria Merritt and Mastermedia Communications, Inc. (collectively, "the Merritts") appeal from the December 3, 1998 judgment of the district court in favor of Defendants Appellees AMS Anlangenplanung

GMBH & Co ("AMS") and Guenther Huehnerjaeger ("Huehnerjaeger") (collectively, "appellees"), and from portions of the following orders of the district court: the December 1, 1998 memorandum and order granting in part and denying in part appellees' motion for judgment as a matter of law made pursuant to Fed. R.Civ.P. 50, in which the court dismissed Huehnerjaeger from the case; the February 17, 1999 order denying appellants' motion to alter or amend judgment and/or for a new trial made pursuant to Fed. R.Civ.P. 50; and the August 28, 2000 memorandum and order denying appellants' motion for relief from judgment made pursuant to Fed.R.Civ.P. 60.

This dispute arose from a failed brewery venture in Vermont that went awry when its primary proponent, one Christian Holscher, abruptly abandoned the venture. The Merritts then brought an action alleging, among other things, that Holscher was appellees' agent and that therefore appellees were liable for fees owed them by Holscher and for damages resulting from Holscher's fraudulent conduct. Huehnerjaeger brought a counterclaim alleging that the Merritts committed securities fraud against Huehnerjaeger and that they were liable to him for repayment of monies he had lent them. After extensive discovery and a lengthy trial, during which the court dismissed all of the Merritts' claims against Huehnerjaeger, the jury rendered a verdict for AMS on all of the Merritts' claims and for Huehnerjaeger on his counterclaim.

On appeal, the Merritts contend that the district court erred with respect to several issues.

■ First, the Merritts contend that the court erred by granting in part appellees' motion for judgment as a matter of law and dismissing the Merritts' claims against Huehnerjaeger because they had present-

ed evidence sufficient to allow a jury to conclude that Holscher was Huehnerjaeger's agent. "We review a district court's decision granting a motion for judgment as a matter of law de novo, applying the same standards as the district court to determine whether judgment as a matter of law was appropriate." *Williams v.. Long Island R.R. Co.*, 196 F.3d 402, 406 (2d Cir. 1999) (citing *Merrill Lynch Interfunding, Inc. v. Argenti*, 155 F.3d 113, 120 (2d Cir.1998)). The Merritts present in their brief eight pieces of evidence, none of which, whether considered separately or together, generate an issue of fact as to whether an agency relationship existed between Huehnerjaeger and Holscher. Any finding to the contrary by the jury "could only have been the result of sheer surmise and conjecture." *Galdieri –Ambrosini v. Nat'l Realty & Dev't Corp.*, 136 F.3d 276, 289 (2d Cir.1998) (quoting *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1154 (2d Cir. 1994) (further citation omitted)).

■ Second, the Merritts contend that the district court erred when, during trial, it admitted appellees' Exhibit H, a summary of payments remitted by AMS to Holscher. The Merritts argue that the court erred because appellees had not met the requirements of Fed.R.Evid. 1006, which requires that originals of documents in a summary be made available to the other party. We "will reverse a trial court's evidentiary rulings only if they are manifestly erroneous. Absent such an abuse of discretion, a trial court's rulings on evidence will be left undisturbed." *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 100 (2d Cir.1995). No such abuse occurred here, where wire transfer receipts supporting the summary were produced. The Merritts' inability to obtain AMS's general ledger does not bear on whether the wire transfer receipts adequately supported Exhibit H under Rule 1006. More-

over, the Merritts never explained why the receipts did not support the summary.

Third, the Merritts contest the jury verdict with the argument that the district court erred by declining to dismiss Huehnerjaeger's amended counterclaim either for lack of specificity, as required by Fed. R.Civ.P. 9(b), or because Huehnerjaeger's testimony in deposition contradicted the allegations contained in his amended counterclaim. The Merritts also argue that, since the amended counterclaim did not mention any fraudulent acts or omissions by Gloria Merritt, it should have been dismissed for lack of specificity with respect to her. The district court denied the Merritts' motion to dismiss Huehnerjaeger's amended counterclaim or for summary judgment from the bench during a March 16, 1998 hearing, and addressed their Rule 9(b) arguments in its February 17, 1999 order. "We review the denial of Rule 50 motions de novo, applying the same standards employed by the district court." *Lavin McEleney v. Marist College*, 239 F.3d 476, 479 (2d Cir.2001) (citing *DiSanto v. McGraw–Hill, Inc.*, 220 F.3d 61, 64 (2d Cir.2000) (per curiam)). "We will reverse only if the evidence, drawing all inferences in favor of the non-moving party and giving deference to all credibility determinations of the jury, is insufficient to permit a reasonable juror to find in her favor." *Id.* Similarly, where an appellant "appeal[s] from a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we review the District Court's decision de novo, taking all factual allegations in the amended complaint as true and construing all reasonable inferences in favor of plaintiffs." *Conboy v. AT & T Corp.*, 241 F.3d 242, 2001 WL 178498 (2d Cir.2001).

█ To the extent that the Merritts appeal from the district court's denial of their motion for summary judgment, their ap-peal is improper. "The district court's judgment on the verdict after a full trial on the merits ... supersedes the earlier summary judgment proceedings." *Pahuta v. Massey–Ferguson, Inc.*, 170 F.3d 125, 130–32 (2d Cir.1999) (quoting *Metropolitan Life Ins. Co. v. Golden Triangle*, 121 F.3d 351, 354 (8th Cir.1997)). Arguably, the same analysis applies with respect to the district court's denial of the Merritts' motion to dismiss. In any event, we do not need to decide whether the appeal properly lies, because the Merritts' substantive arguments on this issue are without merit. After reviewing Huehnerjaeger's testimony in deposition, we conclude that Huehnerjaeger did not say anything directly contradicting the allegations in his amended counterclaim. Furthermore, Huehnerjaeger's amended counterclaim easily meets the more stringent pleading requirements set forth in Fed.R.Civ.P. 9(b). Finally, we agree with the district court's conclusion that "a valid agency relationship between Bruce and Gloria Merritt existed regarding representations to secure investments in their joint project and, as a result, she is bound by Bruce Merritt's statements on her behalf." After reviewing the complaint, we conclude that the amended counterclaim stated the circumstances constituting fraud with particularity, and that the allegations in the complaint "constitute strong circumstantial evidence of conscious misbehavior or recklessness" on the part of Gloria Merritt. *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1127 (2d Cir.1994).

█ Fourth, the Merritts argue that the court, in denying the Merritts' Rule 60(b) motion for relief from judgment, relied on erroneous factual findings. The Merritts' motion, relying heavily on purported statements by a former employee of AMS, alleged that appellees committed misconduct by failing to disclose or pro-

duce materials requested in pretrial discovery, and by submitting false testimony and evidence. The denial of a Rule 60(b) motion will be reversed only upon a clear showing of an abuse of discretion, *Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53, 56 (2d. Cir.1976) (per curiam); however, we review the district court's factual determinations for clear error, *see Commodity Futures Trading Comm'n v. Vartuli*, 228 F.3d 94, 101 (2d Cir.2000). Our review of the record indicates that the district court's discussion of the evidence proffered in support of the motion contained no clear error. We agree with its factual conclusion that the Merritts "ha[d] failed to show in any way that [Appellees] engaged in fraud or acted improperly during the discovery process or trial." The district court's denial of the Merritts' motion was not an abuse of its discretion.

For the reasons set forth above, the judgment of the district court is AFFIRMED.