■ MOHAN BAIJNAUTH, Appellant, v CITY OF NEW YORK, Respondent. [728 NYS2d 665] —Order, Supreme Court, New York County (Martin Shulman, J.), entered July 6, 1999, which, after a framed-issue hearing, permitted defendant City to file an answer containing the affirmative defense that the action is barred by the Workers' Compensation Law, and dismissed the complaint, unanimously affirmed, without costs.

The amendment to the answer was properly permitted absent a showing of prejudice resulting from the delay in asserting the exclusivity of workers' compensation (*see, Murray v City of New York*, 43 NY2d 400, 405; *see also, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959). Plaintiff's claim that the hearing court, in effect, entertained a motion for summary judgment made more than 120 days after the filing of the note of issue, and thereby violated CPLR 3212 (a), is unavailing, considerations of judicial economy providing good cause to dispose of this threshold, potentially determinative issue prior to trial (*see, Goodman v Gudi*, 264 AD2d 758). On the merits, the hearing court correctly found that plaintiff was defendant's special employee as a matter of law, where defendant, through its Department of Housing Preservation and Development, exclusively controlled the hiring, firing, discipline, promotion, work performed, sick leave, vacations and every other aspect of plaintiff's employment, with the exception of payroll services, which were provided by plaintiff's general employer (*see,*

*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Gannon v JWP Forest Elec. Corp.*, 275 AD2d 231). Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.