**Michael D. SMITH, Esq., Plaintiffs–Appellants,**

v.

**CPC INTERNATIONAL, INC., Defendants–Appellees.**

**Docket No. 01–7381.**

United States Court of Appeals, Second Circuit.

April 26, 2002.

Present GRAAFEILAND and KATZMAN, Circuit Judges and KORMAN, Chief District Judge.[*]

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.[1]

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the said district court is hereby AFFIRMED.

In this case's earlier visit to this Court, *Smith v. CPC Int'l, Inc.*, 177 F.3d 110 (2d Cir.1999) (*Smith I*), we reversed summary judgment in favor of the defendant corporation because an issue of fact existed as to whether one of the reasons CPC offered for terminating the contracts met the "good cause" requirement that both sides agree needed to be shown. Upon remand, the case was tried to a jury that found for plaintiff distributors. Both parties now appeal. CPC appeals the district court's interpretation of our remand, in which we determined that two of the reasons CPC offered for terminating the distributorships could not be good cause as a matter of law. CPC also cites as error the district court's jury instructions shifting the burden of proof to CPC on the good cause issue, the district court's exclusion of expert witness testimony, and the sufficiency of the evidence. The distributors cross appeal the district court's judgment as a matter of law against one of the plaintiffs'

Robert A. Horowitz, Esq., New York, NY, for Appellant.

Michael Sussman, Esq., Goshen, NY, for Appellee.

[*] Honorable Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

breach of contract claims and the court's denial of leave to amend the complaint to add an ERISA claim.

The district court correctly interpreted our holding in *Smith I*. In order for CPC to prevail, it needed to prove that it ended the distributorships for good cause. It had this burden as a function of the contract that governed the relationship between the distributors and CPC. The trial court did not err in charging the jury with this interpretation, and the jury found that CPC failed to carry its burden. As the district court has broad discretion whether to admit evidence at trial, the district court's exclusion of an unestablished expert witness was not an abuse of that discretion. *See United States v. DiDomenico*, 985 F.2d 1159, 1163 (2d Cir.1993) (appellate court will only reverse district court's determination on expert testimony if "manifestly erroneous"). Similarly, the exclusion of testimony in the instant case was an appropriate discovery sanction and was well within the discretionary powers of the trial court. *See Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 267 (2d Cir.1999) ("Whether exercising its inherent power, or acting pursuant to Rule 37 [of the Federal Rules of Civil Procedure], a district court has wide discretion in sanctioning a party for discovery abuses . . . ."). Likewise, the district court did not err in denying CPC's post-trial motion for J.M.O.L. due to insufficient evidence:

> "[J]udgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it."

*DiSanto v. McGraw-Hill, Inc.*, 220 F.3d 61, 64 (2d Cir.2000) (quoting *Galdieri-Am-*

*brosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir.1998)). Even under *de novo* review, it is apparent to us that the jury was entitled to conclude from the evidence presented at trial that "fostering of entrepreneurial spirit" was not a substantial motivating factor in CPC's decision. We have considered defendant's other contentions and find them to be without merit. We have also examined the issues plaintiffs raise on cross-appeal and find them to be without merit.

The judgment of the district court is AFFIRMED.