**PALAZZETTI IMPORT/EXPORT, INC., Plaintiff–Counter–Defendant–Appellee,**

Sergio Palazzetti, Third–Party Defendant–Counter–Claimant–Appellee,

v.

Gregory P. MORSON and The Morson Group, Inc. d/b/a The Morson Collection, Defendants Third–Party Plaintiffs–Counter–Claimants–Counter Defendants–Appellants,

No. 02–7006.

United States Court of Appeals, Second Circuit.

Dec. 12, 2002.

Dan L. Johnston (James Branden, Amsterdam & Branden, on the brief), New York, NY, for Appellant.

Debra J. Guzov (Lawrence A. Steckman and Michael J. Regan, on the brief), Guzov, Steckman & Ofsink, LLC, New York, NY, for Appellee.

PRESENT: OAKES, CABRANES, and KATZMANN, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF

COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 12th day of December two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Defendants-appellants Gregory P. Morson, The Morson Group, Inc. d/b/a The Morson Collection ("Morson" or "defendants") timely appeal from the District Court's civil judgment entered December 12, 2001, denying defendants' motions for judgment as a matter of law ("JMOL"), or, alternatively, for a new trial. Following a jury verdict entered July 25, 2001 a judgment was entered against defendants in favor of Palazzetti Import/Export, Inc. and Sergio Palazzetti ("Palazzetti" or "plaintiff") in the amount of $1,661,981 for lost profits. The District Court entered two amended judgments–the first, entered December 17, 2001, adjusted the lost profits damages to $1,569,833 with interest accruing from July 19, 2001, and an additional $92,147.96 for accounts stated claims with interest accruing from December 18, 1997 (interest of $22, 726.61 was calculated by the clerk), totaling an additional $114,874.57. Interest on the accounts stated claim was to continue accruing through the date of satisfaction at the per diem rate of 0.0062% (2.23% per annum). The second amended judgment stated that plaintiff was entitled to recover $114,874.57 on the accounts stated claim and the lost profits damages were calculated by the Clerk totaling $1,584,140.46 and that interest would continue to accrue through the date of satisfaction at 0.0062% per diem (2.23% per annum).

"[W]e review *de novo* the district court's decision regarding a motion for judgment as a matter of law, applying the same Fed.R.Civ.P. 50 standard as the district court below." *Phillips v. Bowen*, 278 F.3d 103, 108 (2d Cir.2002) (citing *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046–47 (2d Cir.1992). In *Phillips*, we stated that:

> Under that stringent standard, we do not weigh the credibility of witnesses or the evidence and grant judgment as a matter of law only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or … [there is] such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him."

*Id.* (alterations in original).

The District Court denied defendants' motion for JMOL, under Fed.R.Civ.P. 50(b), stating that JMOL "may not be granted 'unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in [its] favor.'" *Id.* at 110 (quoting *DiSanto v. McGraw–Hill, Inc./Platt's Div.*, 220 F.3d 61, 64 (2d Cir.2000)). The Court concluded that the jury reasonably found that defendants were subject to an implied covenant requiring the licensee to actively exploit a license in light of the express language in the License and all of the surrounding circumstances. *Id.* at 111.

The Court identified the facts that supported the jury's findings: (1) Morson had the right to renew for an unlimited number of ten-year periods in exchange for a fee calculated on the Boston store's sales; (2) the period of the License was ten

years, which commenced with the opening of the store; (3) Palazzetti was obligated under the License to advertise the Boston store and Morson was obliged to pay $5,000 per quarter for such advertising; (4) Gregory Morson entered a ten year lease for the Boston store a few months after signing the License; and (5) the last payment to plaintiff pursuant to the License was for close to $100,000 for the prior six months' sales, making the $100,000 license fee look insubstantial and more like a "guaranteed minimum" for royalties rather than sufficient consideration to preclude plaintiff from recovering for lost profits under the contract. *Id.* at 112.

The District Court concluded that these factors permitted the jury to draw the inference that the parties expected Morson to exercise reasonable diligence to operate a Palazzetti store for ten years. *Id.* The District Court also quoted the jury instructions, which laid out that the jury was to find that the defendants anticipatorily repudiated *or* that plaintiffs breached. The jury found that defendants breached or repudiated, a result that allows plaintiffs to claim damages for total breach. *See, e.g., Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 92 N.Y.2d 458, 462–63, 682 N.Y.S.2d 664, 667, 705 N.E.2d 656 (1998) (holding that anticipatory repudiation permits the other party to claim damages for total breach). We agree with the District Court that the jury's verdict was not a result of pure conjecture or surmise and that sufficient evidence was produced from which the jury could find defendants liable for anticipatory repudiation and breach of contract.

"This court reviews the grant of a new trial on the ground that the verdict was against the weight of the evidence for abuse of discretion." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 261 (2d Cir.2002) (citing *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 634 (2d Cir. 2002), *cert. denied*, —— U.S. ——, 122 S.Ct. 2661, 153 L.Ed.2d 836 (2002)). "Granting a new trial on that basis is appropriate if the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *Id.* (citations omitted). Under this standard, we have no difficulty in concluding that the District Court's denial of the motion for new trial was appropriate.

We have considered all of defendants' claims on appeal. We note that we have some sympathy for Morson's position. (As Magistrate Judge Maas observed, "Had this case been tried without a jury, I might well have reached a different conclusion."). But, for the reasons stated above, we are necessarily constrained by the task before us. Accordingly, we hereby AFFIRM the judgment of the District Court, substantially for the reasons stated by the Court in its Opinion and Order entered December 12, 2001. *See Palazzetti Import/Export, Inc. v. Morson*, 2001 WL 1568317 (S.D.N.Y.2001).

For the foregoing reasons, we hereby AFFIRM the judgment of the District Court.