■ BRUCE FRIEDMAN, Respondent-Appellant, v CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellant-Respondent. [818 NYS2d 201]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 12, 2005, which granted defendant's motion for summary judgment to the extent of dismissing the first, second, third, fourth, sixth and eighth causes of action, and granted plaintiff's cross motion for summary judgment as to the fifth and seventh causes of action, unanimously modified, on the law, plaintiff's cross motion denied in its entirety, the fifth and seventh causes of action dismissed, and otherwise affirmed, with costs in favor of defendant. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. Appeal from order, same court (Ira Gammerman, J.), entered April 2, 2003, which denied defendant's motion to dismiss the complaint on grounds that it failed to state a cause of action and/or was time-barred, unanimously dismissed as academic, without costs, in view of the foregoing.

The summary judgment court erred in treating the motion before it as one to reargue the prior motion to dismiss for failure to state a cause of action, and treating the prior determination as law of the case. The doctrine of law of the case is inapplicable "where . . . a summary judgment motion follows a motion to dismiss" (*Riddick v City of New York*, 4 AD3d 242, 245 [2004], since the scope of review on the two motions differs; the motion to dismiss examines the sufficiency of the pleadings,

whereas summary judgment examines the sufficiency of the evidence underlying the pleadings (*Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry*, 128 AD2d 467, 469 [1987]). Moreover, the language relied upon from the prior motion court's determination was obiter dictum. The issue before the prior motion court was whether the statute of limitations had expired, thereby extinguishing plaintiff's fifth cause of action for breach of the subject disability insurance policy. The court improperly considered and construed the policy's language and determined that the insurer had breached the policy. It was this determination that the summary judgment court then improperly treated as law of the case.

This error was compounded by the prior motion court's erroneous construction of the policy language. The breach of contract claim was based upon the insurer's enforcement of its "Relation of Earnings to Insurance" (REI) clause, which was alleged to be unenforceable under the contract due to failure to comply with statutory requirements. Specifically, the policy allegedly failed to notify the insured that his monthly benefit would be less than the policy's stated monthly benefit, because the location in the policy of its REI clause did not accord with the statutory requirements.

Insurance Law § 3216 (c) (7) mandates that an exception or reduction to benefits be stated either within the section containing the benefit provision to which it applies or in a section captioned, e.g., "exceptions" or "exceptions and reductions." If the exception or reduction specifically applies only to a particular benefit, a statement of the exception or reduction must be included with the benefit to which it applies. The provision expressly excludes from these requirements the exceptions and reductions listed in subsection (d), which provides in relevant part:

"Each policy of accident and health insurance . . . shall contain the provisions specified herein in the words in which the same appear in this subsection . . . . Each provision contained in the policy shall be preceded by the applicable caption herein . . . .

"(2) Other provisions. No such policy delivered or issued . . . shall contain provisions respecting the matters set forth below unless such provisions are in the words . . . in which the same appear in this paragraph except that the insurer may, at its option, use in lieu of any such provision a corresponding provision of different wording approved by the superintendent which is not less favorable in any respect to the insured or the beneficiary. Any such provision contained in the policy shall be

preceded individually by the appropriate caption appearing herein or, at the option of the insurer, by such appropriate individual or group captions or subcaptions as the superintendent may approve . . . .

"(F) RELATION OF EARNINGS TO INSURANCE."

The record shows that the policy at issue complied with the Insurance Law § 3216 (d) (2) requirements for the REI clause in all respects. Contrary to plaintiff's contention, the REI clause was not subject to section 3216 (c) (7)'s requirements as to location. Plaintiff's reading would render superfluous the clause excluding the items listed in subsection (d). Section 3216 (c) (7), having excluded from its ambit the exceptions and reductions listed in subsection (d), did not then reincorporate them by requiring that if an exception or reduction specifically applies only to a particular benefit, a statement to that effect must be included with the benefit to which it applies. Such reading would violate basic tenets of statutory construction requiring that a statute be read so as to give its language its plain meaning (McKinney's Cons Laws of NY, Book 1, Statutes § 94) and so as to give meaning to all of its language (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 97, 98, 231). Thus, section 3216 (c) (7) and (d) (2) should be read as prescribing one method for protecting the consumer as to the first group of exceptions and reductions referenced, and a different method to protect the consumer in the case of the subsection (d) exceptions and reductions. The former group may either be stated within the section containing the benefit provision to which it applies (it must be stated within the benefit's section if the exception or reduction specifically applies only to a particular benefit) or in a section captioned "exceptions" and/or "reductions"; in the latter group, each must be highlighted by a separate caption and its language must be that of the statute or be similar language approved by the State Superintendent of Insurance, as in the case at bar. Hence, the location of the REI clause in the policy did not violate the statute, as a matter of law, and the fifth cause of action must be dismissed.

As a result of the foregoing, the seventh cause of action, which sought the statutory penalty under Insurance Law § 4226 for alleged violation of Insurance Department Regulations (11 NYCRR) § 52.60, should also be dismissed. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.